[No. 11087. In Bank.—September 22, 1888.]

## SARAH ALTHEA SHARON, APPELLANT, *v.* FREDERICK W. SHARON, EXECUTOR ETC. OF WILLIAM SHARON, DECEASED, RESPONDENT.

APPEAL — REVIEW OF ORDER FOR AMENDMENT OF ANSWER — DIVORCE — DIVISION OF COMMUNITY PROPERTY. — When a decree of divorce reserves the question as to the division of community property for further consideration and adjudication, an order allowing the answer to be amended so as more particularly and specifically to deny that there was any community property in no way involves the merits, or necessarily affects the judgment of divorce, and is not, therefore, subject to review on appeal of the plaintiff taken from the judgment as entered.

ID. — AMENDMENT OF PLEADINGS — DISCRETION. — Applications to amend pleadings are addressed to the sound legal discretion of the trial court, and this court will not interfere with the exercise of that discretion, unless it has been manifestly abused. The fact that new matter set up by way of amendment was known to the defendant at the time of filing his original answer is no reason why the amendment should not be permitted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*D. S. Terry,* for Appellant.

The order allowing defendant to amend his answer after the court had announced its decision should be reversed. The application was not made in good faith

or in furtherance of justice. (*Green* v. *Evans*, 1 Dak. 399; Broom's Legal Maxims, 8th ed., 169; *Cane* v. *Mills*, 7 Hurl. & N. 926; *Smith* v. *Babcock*, 3 Sum. 583; *Doll* v. *Good*, 38 Cal. 287; *Spanagel* v. *Reay*, 47 Cal. 608; *Harrison* v. *Hastings*, 28 Mo. 346; *Cooke* v. *Spears*, 2 Cal. 411; Code Civ. Proc., sec. 3473; *Kirby* v. *Superior Court*, 68 Cal. 606; *Kirstein* v. *Madden*, 38 Cal. 162; *Weisenborn* v. *Neumann*, 60 Cal. 380; Bliss's Code Pleading, 2d ed., sec. 430, and notes; 1 Daniell's Ch., p. 783 (Perkins's ed.); *Howe* v. *Russell*, 36 Me. 115; *Campion* v. *Kille*, 14 N. J. Eq. 229; *Calloway* v. *Dobson*, 1 Brock. 122; *Clark* v. *Spencer*, 14 Kan. 398; 19 Am. Rep. 96; *Goodwin* v. *McGehee*, 15 Ala. 232; *Bowen* v. *Cross*, 4 Johns. Ch. 375; *Elder* v. *Harris*, 76 Va. 191; *Cocke* v. *Evans*, 9 Ga. 294, 295; *Wells* v. *Wood*, 10 Vt. 401; Story's Equity Pleading, sec. 896.)

*William F. Herrin*, and *R. S. Mesick*, for Respondent.

The order complained of does not involve the merits, or necessarily affect the judgment. (See Code Civ. Proc., sec. 956; *Allender* v. *Fritts*, 24 Cal. 448.) The court can only affirm, reverse, or modify the judgment appealed from. (Code Civ. Proc., sec. 53.) The interlocutory order, being only a step toward the final judgment dividing the community property, is not appealable. (*Gray* v. *Palmer*, 9 Cal. 634, 635; *White* v. *Conway*, 66 Cal. 386; *Teaff* v. *Hewitt*, 1 Ohio St. 520; 59 Am. Dec. 634; *Evans* v. *Dunn*, 26 Ohio St. 444, 445; *Rhodes* v. *Williams*, 12 Nev. 20.) The order allowing the amendment was made in the exercise of a fair discretion. (*Stringer* v. *Davis*, 30 Cal. 318; *Kirstein* v. *Madden*, 38 Cal. 162, 163; *Pierson* v. *McCahill*, 22 Cal. 130, 131; *Valencia* v. *Couch*, 32 Cal. 340; 91 Am. Dec. 589; *Hutchinson* v. *Ainsworth*, 63 Cal. 286; *Farmers' Bank* v. *Stover*, 60 Cal. 395, 396; *Livermore* v. *Webb*, 56 Cal. 491, 492; *Harney* v. *Corcoran*, 60 Cal. 316; *Grigsby* v. *Napa County*, 36 Cal. 588; *Cameron* v. *Carroll*, 67 Cal. 500.)

The COURT.—This action was commenced to have an alleged marriage of plaintiff and defendant declared legal and valid, and for a divorce and a division of the community property. After a protracted trial upon the main issue presented, namely, as to whether the parties were husband and wife, the court ordered findings to be drawn in favor of the plaintiff. Thereupon the defendant asked, and against the objection and exception of plaintiff obtained, leave to amend his answer so as more particularly and specifically to deny that there was any community property. This order was made and entered on the ninth day of January, 1885. Subsequently, on the nineteenth day of February, 1885, findings were filed and judgment entered. The court found that the plaintiff and defendant were husband and wife, and that defendant had been guilty of willful desertion; and it decreed that the marriage existing between the parties be dissolved, and that they and each of them be freed from the obligations thereof. A referee was then appointed to take an account of the community property, and to report the same to the court with all convenient dispatch; and it was "further ordered, adjudged, and decreed that the question of property be and the same is hereby reserved for future consideration, and upon the coming in of the referee's report, plaintiff has leave to apply for a further and final decree, settling the matter of property as between the parties," etc.

The plaintiff appealed from the judgment, and in support of her appeal insists—and this is the only point made—that the court erred in allowing the defendant to amend his answer, and that the order should be reviewed and reversed.

This contention of the appellant cannot be sustained, for two reasons:—

1. On an appeal from a judgment, an intermediate order can only be reviewed when it "involves the merits,

or necessarily affects the judgment." (Code Civ. Proc., sec. 956.)

The judgment appealed from declared an alleged marriage to be legal, and granted a divorce, but did not determine as to the property rights of the parties. The plaintiff was entitled to one half of the community property, but whether there was any such property, and if any, how much, were questions reserved for further consideration and adjudication. The order complained of in no way involved the merits, or necessarily affected the judgment as entered. It is therefore not subject to review on this appeal.

2. Applications to amend pleadings are addressed to the sound legal discretion of the trial court, and this court will not interfere with the exercise of that discretion, unless it has been manifestly abused. The authorities to this effect are numerous, and need not be cited. And the fact that the new matter set up by way of amendment was known to the defendant at the time of filing his original answer is no good reason why the amendment should not be permitted. (*Farmers' Nat. Gold Bank* v. *Stover*, 60 Cal. 395, 396.)

The application in this case was based upon the affidavits of defendant and his attorney, and after careful examination we are unable to see that the court abused its discretion.

Judgment affirmed.