[Sac. No. 394.   Department Two.—September 14, 1898.]

BANK OF WOODLAND, Respondent, v. SOPHIA HERON et al., Appellants.

AMENDMENT OF ANSWER AT TRIAL—CHANGE OF ADMISSIONS TO DENIALS—INEQUITABLE DEFENSE—ACKNOWLEDGMENT OF MORT-GAGE—HOMESTEAD.—The allegations of a verified complaint as to the execution, acknowledgment, and recordation of a mortgage sought to be foreclosed, having been admitted in the verified answer and cross-complaint, it is proper for the court to disallow an amendment proposed at the trial to deny the acknowledgment and recordation in order to sustain a technical and inequitable defense against the security of the mortgage, in support of a homestead claim filed during the trial, by proof that the mortgage was acknowledged before a notary who was a stockholder in the bank which was the mortgagee. Whether such proposed defense would be legally sufficient is not decided.

ID.—AMENDMENTS MUST FURTHER JUSTICE—CHANGE OF ISSUES.—The liberality required to be exercised in allowing amendments to pleadings should only be displayed in furtherance of justice; and an amendment to the answer should not be allowed so as to permit a merely legal defense which is inequitable, or to permit a new issue to be made at the trial as to facts before admitted in the verified pleadings.

EVIDENCE OUTSIDE OF ISSUES.—Evidence which is addressed to no issue in the case, if admitted, is without weight or value.

APPEAL from a judgment of the Superior Court of Yolo County.  W. H. Grant, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, Reece Clark, and Johnson, Linforth & Whitaker, for Appellant.

N. A. Hawkins, and Craig & Hawkins, for Respondent.

HENSHAW, J.—This is an appeal from the judgment. David Heron executed to the plaintiff bank his promissory note for nine thousand dollars, secured by mortgage upon realty. Afterward he conveyed the land affected by the mortgage to Sophia Heron, his wife.  The bank brought this action to foreclose the mortgage.  By verified complaint it pleaded its execution, acknowledgment, and certification so as to entitle it to recordation, and alleged that it was forthwith recorded in the records of Yolo county.  The verified answer and cross-complaint of defendants admitted all of these allegations, but averred payment by defendant Sophia Heron.

At the trial it appeared that the certificate of recordation on its face was regular in form, and that the mortgage had been regularly recorded.  But notwithstanding that no issue was joined upon the question of the legality and sufficiency of the acknowledgment, the cashier of plaintiff while on the witness stand was permitted to testify that the acknowledgment was taken before him, and that at the time he took it he was a stockholder of the bank, holding ten shares out of nine thousand six hundred and twenty-one.  Upon this showing defendants' attorneys moved to strike out the mortgage and the acknowledgment upon the ground that the mortgage, having been acknowledged before a stockholder of the mortgagee, was not entitled to record.  The motion was denied.

The defendant Sophia Heron then filed a declaration of homestead upon the property, and sought leave of court to amend by setting up this fact, and also by denying the averments of the complaint in regard to the due acknowledgment of the mortgage. The court permitted the first, and refused the second amendment.  The plain purpose of the rejected amendment was to

raise on the trial a fresh issue upon a matter which had never been in controversy, and to compel plaintiff to meet it by an entirely new line of proof. The very obvious purpose of the two amendments was to defer plaintiff's lien to the homestead claim, which would result in the impairment of plaintiff's security and perhaps in the loss of a large part of its debt. It should be added that defendant's plea of payment of the mortgage debt amounted to no more than this: that the bank had accepted her unsecured and unpaid note for nine thousand dollars in payment of the secured mortgage debt. This the bank officers denied, and the court found against the plea.

Appellant complains of the ruling of the court in refusing to allow the amendment. Great liberality, it is true, should be exercised in allowing amendments to pleadings; but that liberality should only be displayed in furtherance of justice. (Code Civ. Proc., sec. 473.) This is always the controlling consideration before the trial court. (*Cooke v. Spears*, 2 Cal. 409; 56 Am. Dec. 348; *Daley v. Russ*, 86 Cal. 118.) Plaintiff had parted with its money upon the security of the mortgage. Defendant had acquired the property by deed of gift. No issue upon the question was tendered before trial. The evidence by which the disclosure at the trial was made was entirely irrelevant to any point in controversy. Taking advantage of it defendant files a homestead declaration, and then asks the court to allow her to amend to impair plaintiff's security and perhaps to defeat the collection of a just debt. Amendments are within the sound discretion of the court (*Sharon v. Sharon*, 77 Cal. 102), but so far from it having been an abuse of discretion in this case to refuse the one proposed, we should be more inclined to hold that it would have been an abuse to have allowed it. For it is not sufficient that the new defense proposed be a legal defense; it should also be an equitable defense. (*Harding v. Minear*, 54 Cal. 502, 506.) This defense under the circumstances was highly inequitable. In *Cooke v. Spears, supra,* the trial court refused to allow the plea of the statute of limitations by way of amendment, and this court upheld the ruling upon the ground that the amendment was not in furtherance of justice. "It was claimed solely as a legal advantage, to which at one time he would have been entitled; but it is a wise conservation that it should have but its day in plead-

ing, and no grace of right after, beyond the extent of justice." Such is precisely the present case.

The same ruling was again upheld in *Stuart v. Lander*, 16 Cal. 372; 76 Am. Dec. 538. In *Spanagel v. Reay*, 47 Cal. 608, defendant having admitted in his verified answer a deposit of money with the sheriff, by amendment before trial sought to deny it. Said this court: "The application to amend was correctly denied under the circumstances." In *Page v. Williams*, 54 Cal. 562, defendant to a suit upon a promissory note pleaded payment, and at the trial sought to amend by pleading lack of consideration. Leave was refused since the plea would raise new issues, and the ruling was sustained. In *Harney v. Corcoran*, 60 Cal. 314, defendant in an action to foreclose a lien for street work admitted ownership of the property, and afterward sought by amendment to deny it. Leave to amend in this particular was denied, and this court upheld the ruling as being within the exercise of a fair discretion. To like effect are the cases of *Edgar v. Stevenson*, 70 Cal. 286; *Shadburne v. Daly*, 76 Cal. 355; *Emeric v. Alvarado*, 90 Cal. 444; *Dorn v. Baker*, 96 Cal. 206; *Siskiyou County v. Gamlich*, 110 Cal. 94; *Pacific Rolling Mill v. Bear Valley Irr. Co.*, 120 Cal. 94. Indeed, so well settled is the proposition that it has been declared to be the rule that a party will not be permitted upon the trial to amend by denying a fact admitted in the answer. (Bliss on Code Pleading, sec. 430.)

Nothing in what has been said is to be construed as an expression of opinion upon the legal sufficiency of the proposed amendment as a defense. As to the evidence itself, being addressed to no issue in the case, it is without weight or value.

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concur.

Hearing in Bank denied.