[L. A. No. 548.     In Bank.—April 4, 1900.]

## LOUISE J. MORE, Respondent, v. H. J. FINGER et al., Appellants.

CLAIM AND DELIVERY OF NOTE—PLEADING—RELIEF DETERMINED BY COURT—PRAYER.—Where a complaint states a cause of action to recover the possession of a note owned by the plaintiff, as against the defendants, who had wrongfully invaded plaintiff's ownership and right of possession of the note, the relief to which plaintiff is entitled thereupon is to be determined by the court; and the cause of action is not impaired by the fact that the complaint prays for relief to which the plaintiff is not entitled.

ID.—AVERMENT OF CONVERSION—RELIEF UPON ISSUE JOINED.—A statement in the complaint that the defendants had converted the note to their own use does not preclude the right of the plaintiff to recover possession of the note, or its value, in case a return cannot be had, if, after issue joined, the evidence should justify such relief. Under section 580 of the Code of Civil Procedure, the court is authorized, after answer, to grant any relief consistent with the case made by the complaint and embraced within the issue.

ID.—GIST OF ACTION—CONSPIRACY OF DEFENDANTS IMMATERIAL—RELIEF AGAINST DEFENDANTS UNITING IN WRONG.—The gist of the action is the injury done to the plaintiff by the wrongful acts of the defendants. The averment of a conspiracy is immaterial, and need not be proved; but the plaintiff is entitled to relief for the injury against all of the defendants who have united or co-operated in doing the wrong to the plaintiff.

ID.—SUFFICIENCY OF EVIDENCE—PLEDGED NOTE—ASSIGNMENT BY PAYEE TO PLAINTIFF—COMBINATION OF DEFENDANTS—PAYMENT OF PLEDGEE—SALE AND DELIVERY OF NOTE BY INTOXICATED PAYEE.—Evidence showing that the payee of a pledged note made a written as-

signment thereof to the plaintiff, and that after notice of the assignment to the maker and the pledgee, the maker combined with other defendants to defeat plaintiff's rights, who, having paid the pledgee, induced the payee, while intoxicated, to sell and deliver the note to them, without any indorsement thereof to them, sufficiently establishes the right of plaintiff to verdict and judgment against the maker of the note and the other defendants for the possession thereof, or for the recovery of the value thereof, in case a return cannot be had.

ID.—BONA FIDE PURCHASER OF NEGOTIABLE NOTE BEFORE MATURITY—DELIVERY WITHOUT INDORSEMENT TO PURCHASERS—RIGHTS OF PRIOR ASSIGNEE.—In order to protect a *bona fide* purchaser of a negotiable note before maturity, without notice of a defect in the title, under sections 3123 and 3124 of the Civil Code, such purchaser must be a regular indorsee of the note in good faith in the ordinary course of business; and where there is a mere sale and delivery of the note by the payee before maturity, without indorsement thereof by him to the purchasers, they cannot, under the law merchant, acquire a title thereto as against a prior assignee of the payee, whose rights are paramount to theirs.

ID.—SUPPORT OF VERDICT OF JURY—INTOXICATION OF PAYEE—ABSENCE OF INTENT TO DISPOSE OF NOTE.—Where the evidence is sufficient to sustain a special verdict of the jury that the payee was intoxicated when he made the transfer to the defendants, and that he did not at that time intend to dispose of the note to them, the jury were authorized from these facts to find generally that there had been no valid transfer of the note by him to the defendants, and that they were not purchasers of the same in good faith; and, plaintiff's title having been established, their general verdict that the plaintiff was entitled to the possession of the note must be sustained.

ID.—REIMBURSEMENT OF DEFENDANTS NOT REQUIRED.—The plaintiff was not required, as a condition of recovery of the note or of its value, in case a return of the note could not be had, to reimburse the defendants for the money paid by them to the payee of the note for rights which he did not have therein; nor was the plaintiff required to reimburse them for the money paid to the pledgee, without taking to themselves any transfer of his rights, or of the obligation for which he held the note as collateral security.

EVIDENCE—CONVERSATION WITH MAKER OF NOTE—OBJECTION OF OTHER DEFENDANTS—PRESUMPTION UPON APPEAL.—Where the maker of the note was one of the defendants, a conversation of the plaintiff with him was admissible against him, and it may be assumed upon appeal, that the court limited the effect of the evidence to the maker of the note, if the record does not contain the instructions.

ID.—CONSPIRACY—ORDER OF PROOF—DISCRETION—MOTION TO STRIKE OUT.
If the conversation with the maker of the note was offered to
show a conspiracy between him and the other defendants, the
order of proof was in the discretion of the court, and, if the
evidence subsequently failed to connect the other defendants
therewith, they had their remedy to move to strike it out as
evidence against them.

ID.—NOTICE TO DEFENDANTS OR EITHER OF THEM—SPECIAL ISSUE—FIND-
ING SUSTAINED BY EVIDENCE.—Where a special issue was submitted
to the jury as to whether three defendants named, including
the pledgee of the note, "or any of them," had knowledge of
the previous transfer to the plaintiff, an affirmative answer is,
sustained by proof that such pledgee had notice of such pre-
vious transfer.

APPEAL from a judgment of the Superior Court of Santa
Barbara County and from an order denying a new trial. W.
S. Day, Judge.

The facts are stated in the opinion of the court.

C. A. Storke, for H. J. Finger and E. F. Rogers, Appellants.

The actions of replevin and for conversion are improperly
joined in the complaint. (Code Civ. Proc., sec. 427; *McLaugh-
lin v. Piatti*, 27 Cal. 464; Bigelow on Torts, 185; 1 Chitty's
Pleading, 111; 3 Blackstone's Commentaries, 146, 152.) The
plaintiff was not entitled to possession at the commencement of
the action, but such right was in the pledgee. (5 Am. & Eng.
Ency. of Law, 653-55; 20 Am. & Eng. Ency. of Law, 1050.)
A pledgee has a right of possession, and may maintain replevin.
(*Deeter v. Sellers*, 102 Ind. 458; Jones on Pledgees, sec. 429.)
The defendants may show title or a right of possession in a
third person. (*Tanner v. Allison*, 3 Dana, 422; *Davis v. War-
field*, 38 Ind. 461; *Landers v. George*, 40 Ind. 160; *Loomis v.
Youle*, 1 Minn. 175.) The plaintiff's right of possession must be
absolute and not conditional. (*Lambert v. McCloud*, 63 Cal.
163.) Appellants were *bona fide* purchasers of the note without
notice that the note had been previously assigned to plaintiff.
(*Snyder v. Moon*, 5 Kan. App. 447; *Calvin v. Sterrit*, 41 Kan.
215.) There was no proof of conspiracy, and the conversations
with Thomas W. More were not admissible against appellants.
(*People v. Collins*, 64 Cal. 295; *Barkly v. Copeland*, 86 Cal. 483;

Code Civ. Proc., sec. 1870, subd. 6; 4 Am. & Eng. Ency. of Law,. 135, 631.) Suspicion of a defect of title will not affect the title of the holder of negotiable paper before maturity in the absence of bad faith. (*Murray v. Lardner,* 2 Wall. 121; *Hotchkiss v. National etc. Bank,* 21 Wall. 354; *Tourtelotte v. Brown,* 1 Colo. App. 408; *Schoen v. Houghton,* 50 Cal. 528.)

Boyce & Taggart, for Respondent.

The defendants were not indorsees of the note, but took only by delivery, and not having acquired title in due course of business are not protected against the prior rights of the plaintiff as assignee. (4 Am. & Eng. Ency. of Law, 2d ed., 252, 257, note 5; Tiedeman on Commercial Paper, sec. 247, note 4; Randolph on Commercial Paper, secs. 988, 989.) The complaint states a cause of action in claim and delivery, and a recovery may be had accordingly. (*Arzaga v. Villalba,* 85 Cal. 191, 194.) Upon issue joined, courts administer such relief as the facts of the case justify. (Code Civ. Proc., sec. 580; *Truebody v. Jacobson,* 2 Cal. 269; *White v. Lyons,* 42 Cal. 279; *McPherson v. Weston,* 64 Cal. 275.) Commercial paper payable to order can only be transferred by indorsement so as to confer legal title, in order to protect the purchaser against a defect in the title of the person from whom he acquires it. (Civ. Code, secs. 3123, 3124; 1 Pomeroy's Equity Jurisprudence,. sec. 200; *Woodsum v. Cole,* 69 Cal. 142; *Sackett v. Johnson,* 54 Cal. 107; *Chase v. Whitmore,* 68 Cal. 545; *Lancaster Nat. Bank v. Taylor,* 100 Mass. 18; 1 Am. Rep. 71; *Central Trust Co. etc. v. First Nat. Bank etc.,* 101 U. S. 68; *McCrum v. Corby,* 11 Kan. 464; *Hadden v. Rodkey,* 17 Kan. 429; *Haydon v. Nicoletti,* 18 Nev. 290; *Central Bank v. Hammett,* 50 N. Y. 158; *Moore v. Miller,* 6 Or. 254; 25 Am. Rep. 318; *Pickering v. Cording,* 92 Ind. 306; 47 Am. Rep. 145; *Gibson v. Miller,* 29 Mich. 355; 18 Am. Rep. 98.) The action of the court in admitting the evidence of the acts and declarations of Thomas W. More as evidence against him, with the qualification that it should not be taken against the defendants objecting thereto if no conspiracy was established, was proper. (*Miller v. Barber,* 66 N. Y. 558.) A conspiracy is shown by subsequent participation in carrying out the plan formed. (3 Greenleaf on Evidence, sec. 93.) Suspicious circum-

.stances putting the purchaser of a note on inquiry are incon-sistent with good faith. (*Merritt v. Northern R. R. Co.*, 12 Barb. 605; *Wood v. Robinson*, 22 N. Y. 564.)

HARRISON, J.—The plaintiff seeks by this action to re-cover the possession of a certain promissory note, of which she claims to have been deprived through the acts of the defend-ants, and states in her complaint the following facts as the grounds of her right of recovery. In April, 1894, Thomas W. More, one of the defendants, made his promissory note to his brother, Wallace H. More, who is the husband of the plaintiff. In November, 1894, Wallace More borrowed some money from the defendant Kaeding, and delivered the note to him as se-curity therefor. December 12, 1894, while the note was thus in the possession of Kaeding, Wallace More, by an instrument in writing, assigned it to the plaintiff. The plaintiff with her husband came from Ontario, where they had been living, to Santa Barbara, where the defendants then lived, and on Jan-uary 14, 1895, she informed the defendant, Thomas W. More, that the note had been assigned to her, and that she was its owner, and that she desired to get possession of it, and Thomas offered to aid her in so doing. In her complaint she alleges that her husband was addicted to the use of intoxicating liquors to such an extent as to impair his mental capacity and that his brother Thomas knew of this weakness, and that he, after their arrival at Santa Barbara, and with the intent to get possession of the note and deprive her thereof, and to defraud her, confederated and conspired with the other defendants for that purpose, and, in pursuance of such conspiracy, they had certain negotiations and caused certain written instruments to be prepared by which the note came into the possession of the defendant Finger on the fifteenth day of January; that on the next day Thomas, with the knowledge that the note was in the possession of Finger, had the plaintiff accompany him for the purpose of redeeming the note from Kaeding, and, while pretending to seek a loan in her behalf for that purpose, secretly induced his brother to accompany him elsewhere, and having stupefied him with in-toxicating liquors to such an extent as to render him incom-petent to transact business, her husband was induced to assign

the note to one of the defendants. The appellants demurred to
the complaint, and, their demurrer having been overruled, they
answered, denying the most of its allegations, but admitting
that Wallace H. More did sell and deliver and assign the note
to them on said sixteenth day of January, but alleged that this
was done without any notice on their part of any right or claim
of the plaintiff thereto, and that they gave him full value there-
for. The record does not show that either Kaeding or More
filed any answer to the complaint, although it appears that at
the trial certain attorneys appeared in behalf of Thomas W.
More. The case was tried by a jury, and a general verdict
rendered in favor of the plaintiff against the appellants and
Thomas W. More for the possession of the note, or three thou-
sand dollars, the value thereof, in case a return cannot be had.
In addition to the general verdict, certain special issues were
submitted to the jury at the request of the defendants Finger
and Rogers, to which the jury returned answers which are in
support of the general verdict. Judgment was thereupon en-
tered against Thomas W. More and the appellants. No ver-
dict or judgment was rendered against the defendant Kaeding.
A motion for a new trial made on behalf of Finger and Rogers
was denied, and from this order and the judgment they have
appealed.

The demurrer was properly overruled. The facts set forth
in the complaint sufficiently state a cause of action against these
defendants, and these facts constitute only one cause of action,
namely, the plaintiff's ownership of the promissory note and her
right to its possession, and the invasion of that right by the
wrongful acts of the defendants, constituting a breach of their
obligation to her and for which she seeks redress. (Pomeroy's·
Code Remedies, sec. 453.) The relief to which she may be en-
titled upon this statement of facts is to be determined by the
court, but the cause of action, which is sufficiently stated, is not
impaired by her asking for relief to which she is not entitled,
or for one species of relief rather than another. The statement
in the complaint that the defendants had converted the prom-
issory note to their own use did not deprive her of a right to its
recovery, if upon the trial the evidence should justify such
relief. Upon a default by the defendants, she could recover

only such relief as she had demanded in her complaint, but after they had answered the complaint the court, under section 580 of the Code of Civil Procedure, was authorized to grant her any relief consistent with the case made by the complaint and embraced within the issue. (*Zellerbach v. Allenberg*, 99 Cal. 68.)

The complaint alleges that the plaintiff has been deprived of the note by the wrongful acts of the defendants, and that they entered into a conspiracy for that purpose, but the conspiracy thus alleged is not the gist of the action. The gist of the action is the injury done to the plaintiff by these wrongful acts, and this injury is actionable whether it is the result of a conspiracy or not. The averment of a conspiracy is immaterial, and could be proved without such averment, or, if averred, need not be proved. The plaintiff is entitled to relief for the injury from such of the defendants as she can show have united or cooperated in doing her the wrong. (*Herron v. Hughes*, 25 Cal. 556; *Hamilton v. Smith*, 39 Mich. 231; *Boston v. Simmons*, 150 Mass. 461; 15 Am. St. Rep. 230.)

The evidence on the part of the plaintiff that she had become the owner of the note, prior to any of the acts of the defendants complained of, is uncontradicted, and it sufficiently appears from the record that the defendant Thomas W. More was informed by her of that fact on the morning of January 14th, and that he thereafter co-operated with the other defendants in the acts by which she was deprived of the note. The admission in their answer by these defendants that they had purchased the note from Wallace More on the 16th of January, coupled with the proof that he was not at that time its owner, authorized the court to render judgment in her favor for its possession, unless the defendants should show a right to its retention by reason of some circumstances giving to them a right paramount to hers, or estopping her from claiming the same.

The circumstances under which they obtained the note are as follows: Arrangements had been made between Rogers and Finger prior to January 15th, by which they were to let Wallace More have some money, and they were to obtain the note from him and have it secured by a mortgage from Thomas. On that day Finger obtained possession of the note from Kaeding, and papers were prepared for the purpose of carrying these arrange-

ments into effect. Wallace More was, however, intoxicated during that afternoon and in bed at his rooms at the hotel, and the completion of the business was postponed until the next morning. On the morning of the 16th Wallace went, in company with Thomas, to the office of the attorney, and while Thomas remained outside he went into the office where were Rogers and Finger, and the papers were then signed and the note transferred to them. The appellants contend that as the note was negotiable in form, and as they took it before maturity for a valuable consideration, without any knowledge or notice of the plaintiff's claim, they are protected in the transaction.

Section 3124 of the Civil Code declares: "An indorsee of a negotiable instrument in due course acquires an absolute title thereto, so that it is valid in his hands, notwithstanding any defect in the title of the person from whom he acquired it."

Section 3123 of the Civil Code is as follows: "An indorsee in due course is one who in good faith, in the ordinary course of business and for value, before its apparent maturity or presumptive dishonor, and without knowledge of its actual dishonor, acquires a negotiable instrument duly indorsed to him, or indorsed generally, or payable to the bearer."

The facts in the case do not bring the appellants within the definition of an indorsee given in section 3123, and, consequently, they are not entitled to the protection granted by section 3124. As they obtained the note from Wallace More by mere delivery, without any indorsement thereof, the instrument was not "duly indorsed" to them when they acquired it, and they cannot be said to have received it in the ordinary course of business, or in good faith. If they were purchasing the note from him, they could not under the law merchant acquire a title thereto as against any prior assignee, unless he should indorse it to them. A mere delivery of the paper without his indorsement would not give to them any title thereto as against a previous assignment by him, any more than would a delivery of any other piece of personal property to which he had no title. Wallace More testified, moreover, that when Thomas came for him on the morning of the 16th he gave him a flask of liquor, and that he did not have much recollection of the business transacted at the attorney's office. Another witness testified

that he was drunk when he came into the office of the attorney, and the jury found in response to the special issues requested by the appellants that he was intoxicated on that day when he attempted to transfer the note to Finger, and that he did not at that time intend to dispose of it to him. Under these facts the jury was authorized to find that there had been no valid transfer to the appellants of the note by Wallace, and that they did not receive the same or give a valuable consideration therefor in good faith; and their verdict that the plaintiff was entitled to the possession of the note must be sustained.

It was not necessary that the plaintiff should refund to the appellants the two hundred and eighty-one dollars which they had given to Wallace at the time they received the note. If the note belonged to her, they could not acquire a right to retain it by purchasing it from one who had no right to dispose of it. Neither was she required to pay to them the forty-five dollars for which it had been held by Kaeding. While Kaeding might have been entitled to retain the note until this amount was paid to him, there is no judgment rendered against Kaeding. The appellants did not succeed to his rights, or acquire the obligations for which he held the note, and it appears from the record that he was fully paid.

The court did not err in receiving against the objection of the appellants the testimony of the plaintiff regarding her conversation with Thomas W. More. Thomas was a defendant in the action, and the testimony was admissible as against him. The court would have limited the effect of this testimony in its instructions to the jury, if requested by the appellants, and, although the instructions are not in the record, we may assume that it did so limit it. Even if the plaintiff had been seeking to establish a conspiracy between Thomas and the appellants, the court did not err in receiving the testimony. The order of proof was within the discretion of the court, and, if the testimony was not subsequently connected with the appellants, it would have been stricken out upon their motion. (*Place v. Minister*, 65 N. Y. 89.)

The objection by the appellants that the verdict cannot be sustained, for the reason that there was no evidence that they or either of them had any knowledge or notice of the previous

transfer of the note to the plaintiff, is not tenable. The special issue upon this subject to which the jury responded was whether E. F. Rogers or H. J. Finger or Otto Kaeding, "or any of them," had such knowledge, and it was testified to by the plaintiff that she did inform Kaeding on the 14th of January.

It was proper to refuse to instruct the jury what would not defeat the title to the instrument, unless it also appeared that a title thereto had been conveyed to the appellants. If the appellants had received the note from Wallace More in the ordinary course of business, the instruction asked by them would have been properly given to the jury, but, as it appeared that at the time they received the note it had not been indorsed by him, the instruction would have been misleading. The instructions given by the court were correct in point of law.

The judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Temple, J., McFarland, J., and Henshaw, J., concurred.