[Civ. No. 2103. Fourth Appellate District.—January 24, 1939.]

J. R. LeCYR, Appellant, v. G. W. DOW, Respondent.

Fred W. Heath and Daniel A. Knapp for Appellant.

Randall and Bartlett and Kenneth W. Kearney for Respondent.

WARMER, J., *pro tem.*—Plaintiff sought by the action here involved to recover damages for slander, and in his complaint alleged that defendant stated as follows:

"(a) That while the Santa Rosa Mines Development Company was being operated by this plaintiff, that large quantities of ore were mined therefrom and sent to smelters for reduction and refining, but that the proceeds received therefrom were retained by the plaintiff and used for his own personal benefit.

"(b) That the plaintiff operated the Santa Rosa Mine exclusively for his own use and benefit, to the utter disregard of the rights of creditors and stockholders of the Santa Rosa Mines Development Company.

"(c) That the plaintiff had squandered the money of the corporation (meaning the Santa Rosa Mines Development Co.)

"(d) That the plaintiff had embezzled and converted to his own use the money and property of the company (meaning the Santa Rosa Mines Development Co.)

"(e) That plaintiff is inexperienced in the management and operation of mining properties.

"(f) That plaintiff had 'gutted' the mine . . .

"(g) That the plaintiff is a crook.

"(h) That plaintiff carried all corporate records in his vest pocket . . .

"(i) That plaintiff had sold corporate stock and had taken for himself on account thereof, both a commission and a bonus.

"(j) That plaintiff had committed crimes, and that he could be convicted thereof and sent to San Quentin.

460

"(k) That when the books of Santa Rosa Mines Development Co. were demanded of plaintiff he produced a brand new set of books, in which all the entries had been made at the same time. That while a bookkeeper made them up, he did so at the request of plaintiff, who told the bookkeeper what to write in the books.

"(l) That Judge Dehy 'had so much on' the plaintiff that he, (Dehy) could not act as successor to plaintiff as trustee of the Santa Rosa Mines Development Co.

"(m) That if plaintiff wanted to avoid the penitentiary, he should leave the state at once, and stay out of it.

"(n) That plaintiff had 'robbed the people of Owens Valley'.

"(o) That plaintiff had spent company money to develop the mine, and upon the uncovering of ore bodies, had given a lease to himself to enable plaintiff to take for himself the ore so developed and uncovered."

Plaintiff sought both compensatory and exemplary damages. The claim for exemplary damages was added by amendment at the time of the trial, without objection on the part of the defendant.

The defendant filed an answer duly verified by his attorney, denying all but three of the alleged slanderous allegations contained in the above-mentioned subsections "c", "d", and "h" of paragraph II of the complaint, and alleged that defendant admitted making the statements set forth in said subsections, but denied that they were false, defamatory or scurrilous, and alleged the facts to be that the charges and words contained therein were, and each of them was true.

In a second, separate and affirmative defense, defendant alleged that he had been appointed trustee for the Santa Rosa Mines Development Company, a corporation, in a proceeding under section 77b of the Bankruptcy Act of the United States of America; that he was a creditor and stockholder of said Santa Rosa Mines Development Company; that the statements and charges contained in plaintiff's complaint were made without malice by the defendant, in communications to persons who were interested in said statements and in the Santa Rosa Mines Development Company as creditors or stockholders of such company, who had requested defendant to give them the information set forth in the communications; that defendant had reasonable cause to, and did

believe each and all of the statements therein to be true; that such statements and communications were privileged.

As a third, separate and affirmative defense, defendant alleged each and all of the supposed defamatory words contained in plaintiff's complaint were true when spoken; that the defendant was informed and believed that plaintiff had been and was guilty of each and every charge in said complaint alleged to have been made against him by the defendant; that whatever defendant had said of, or concerning the plaintiff, was said in the full belief of its truth and in warning to others, and not from any motive of malice toward the plaintiff.

At the trial, by leave of court first had and obtained, the defendant filed an amendment to his answer, denying generally and specifically all of the slanderous allegations included in said subsections "c", "d" and "h" of paragraph II of the complaint. The amendment was filed over the objection of the plaintiff.

It appears, therefore, that the pleadings raise the following issues: first, the making of the alleged slanderous statements; second, the truth thereof; and third, whether or not the statements, if made, were privileged.

The cause was tried before a jury and the jury returned a general verdict in favor of the defendant and against the plaintiff. The plaintiff does not raise the question of the sufficiency of the evidence to support the verdict.

Plaintiff urges certain errors as a ground for reversal. He maintains that it was error to permit the defendant to file his amendment to the answer for the reason that said subsections "c", "d" and "h" had theretofore been specifically admitted and the amendment thus allowed specifically denied them. Amendments are within the sound discretion of the court. (*Bank of Woodland* v. *Heron,* 122 Cal. 107 [54 Pac. 537]; *Harney* v. *Corcoran,* 60 Cal. 314.) In *Cox* v. *Rosenberg,* 58 Cal. App. 181, at pages 187, 188 [208 Pac. 377], the court says:

"Appellant now insists that the court abused its discretion in permitting defendants to file these amended answers, and thereby deny the existence of facts which in their previous verified pleadings they had admitted and affirmed. It is not claimed that by reason of these amendments the plaintiff suffered any disadvantage in the presentation of

the evidence, or that the evidence is any different from what it would have been if the issues newly suggested thereby had been raised by the original answer. We think that there was no abuse of discretion in the allowance of these amended pleadings.

We are not unmindful of the fact that it has been declared to be the rule that a party will not be permitted on the trial to amend by denying a fact admitted in the answer. (*Bank of Woodland* v. *Heron*, 122 Cal. 107, 110 [54 Pac. 537].) But this is not an absolute rule which must be applied without use of discretion. We only hold that in this case the discretionary power of the court has not been abused, even though it may be that the court would have been justified in making a contrary ruling.''

In *Brown* v. *Aguilar*, 202 Cal. 143, at page 149 [259 Pac. 735], the court said:

''An application for leave to amend is addressed to the sound discretion of the court and such application may be denied where no showing is made to justify the exercise of the court's discretionary power (21 Cal. Jur., sec. 126, pp. 181, 182).''

(See also, *Cox* v. *Rosenberg, supra; Tognazzi* v. *Wilhelm*, 6 Cal. (2d) 123 [56 Pac. (2d) 1227].)

It therefore appears that it is the settled law of this state that the making of an amendment to a pleading under the circumstances here presented, is addressed to the sound discretion of the trial court. There is nothing in the record to indicate that the plaintiff was put to any disadvantage in meeting the issue presented by the amendment. In fact, he did not even ask for a continuance. When the matter was addressed to the sound discretion of the trial court, that court had the power to permit the amendment, or to refuse the amendment in the exercise of its sound discretion. We find no abuse of discretion in allowing the amendment hereinbefore referred to, even though it might be that the court would have been justified in making a contrary ruling.

Courts should be and are liberal in the allowance of amendments to pleadings so that substantial justice may be done as between the parties, but ordinarily they will not permit the filing of an amendment that raises a new cause of action or a new defense. Usually, a party ought not to

be permitted to amend an answer to deny a fact that had been theretofore specifically admitted. However, the whole subject of amendment to pleadings is addressed to the sound discretion of the trial court.

Plaintiff urges that he called defendant under the provisions of section 2055 of the Code of Civil Procedure, and during the course of the examination under said section the objection was made, to certain questions calling for statements or conversations, that no foundation was laid as to time, place and parties present.

The record in that particular, addressed by counsel for plaintiff to Mr. Dow, the defendant, is as follows: "Q. Mr. Dow, in this complaint it is alleged that at various times and various places between July 1, 1935 and April 30, 1936, you made certain statements. I will ask you with reference to the following statement which you are alleged to have made concerning LeCyr 'that while the Santa Rosa Mines Development Company was being operated by Mr. LeCyr, that large quantities of ore were mined therefrom and sent to smelters for reduction and for refining, but that the proceeds received therefrom were retained by the plaintiff and used for his own benefit'. A. I didn't make that statement. Q. You never made it? A. No. Q. Did you make any statement substantially like the statement alleged? By Mr. Bartlett: Now, I object to that unless there is stated some time, place or person present. By the Court: I think counsel and witness have a right to know the time and place. By Mr. Heath: Well, then, we will come back to this matter later, and I will proceed for the present." The defendant further testified: (Question by Mr. Heath): "It is further alleged here that you made the statement 'that when the books of Santa Rosa Mines Development Co. were demanded of Mr. LeCyr he produced a brand new set of books, in which all the entries had been made at the same time. That while a bookkeeper made them up, he did so at the request of plaintiff, who told the bookkeeper what to write in the books'. Did you make such a statement? A. I did not. Q. Did you repeat such a statement made by anyone else? A. I don't think so. . . . If you had made such a statement, wouldn't you remember whether you had made it or whether you hadn't? A. Well, I don't know. Quite often, you know, you discuss things back and forth. If I said anything of

that nature or repeated something someone else said it wasn't for malicious purposes at all.''

Mr. Heath asked to have a portion of the answer stricken out, which was done. After a discussion between court and counsel relative to laying a foundation of the circumstances of time, place and parties present, the court said: ''Well, fix your time and place and parties present and I will overrule the objection.'' The evidence then is as follows: ''By Mr. Heath. I think we will pass that for the present. By Mr. Bartlett: Well, if counsel will fix the time and place and parties present and let the witness know what he has in mind, I have no objection under those circumstances. By Mr. Heath: We will come back to that later. By the Court: All right, go ahead.''

This excerpt from the record is sufficient to show what actually took place during the trial concerning the point now under consideration. Counsel have pointed to no provision of law that requires a foundation to be laid of circumstances of time, places and parties present before a party can be asked if he had a conversation or what the conversation was, or if he made a statement, what that statement was. However, if the witness is to be impeached as to any of his statements as a witness, section 2052 of the Code of Civil Procedure provides for the method. That section requires the laying of a foundation of the circumstances of time, places and parties present to be called to the attention of the witness with permission to explain them if he so desired. The witness had denied making the statements addressed to him, and if it was the purpose of counsel for plaintiff to impeach him as to that statement, it would have been incumbent upon him to lay the foundation as provided in said section. If he did not intend to impeach him, there was no requirement for him to lay the foundation so to do. However, it appears that when he was met with the objection he either acquiesced in the ruling by saying that he would come back to the matter later, or withdrew the question, or made some kindred statement, which we think is a waiver of his claimed right to have the question answered. However, it is not necessary to determine whether it constituted a waiver or not, for the reason that no objection was ever made when any impeaching testimony was offered, if any was offered, and if it was the intention

of Mr. Heath, counsel for plaintiff, to impeach Mr. Dow by his own testimony, by showing that he had made different statements than the one he had made on the stand, or had in fact made the statement charged to him, to someone else, he was entitled to lay the foundation of circumstances of time, place and parties present, when he had theretofore stated he did not make the statement, or that he did not think so, or that he did not remember.

Plaintiff further urges that the court refused to permit plaintiff to introduce evidence touching on defendant's financial standing and claims error on account thereof. The record on this point is as follows:

(By Mr. Heath, addressed to Mr. Dow): "Q. Are you in business there? A. Yes, sir. Q. What business are you in? A. Lumber yard and hotel. Q. Interested in any other enterprises there? A. Not exactly." It then appears an objection was made by Mr. Bartlett. "Objected to as immaterial about the affairs, business affairs, of Mr. Dow; is not an issue in this case. By the Court: It would appear the exception is good. I don't know the purpose. . . . " It will be observed that there was no question pending unanswered at the time the objection was made and the court's statement was "It would appear the exception is good." Then followed an argument relative to the objection. The court sustained the objection. The record then continues: "By Mr. Heath: If the court please, for the purpose of completing the record, we desire to show that Mr. Dow is one of the leading members of the community of Lone Pine, that he is engaged in various mercantile enterprises, runs a lumber yard, hotel, is widely known— By Mr. Bartlett: Now, if the Court please, I desire to interrupt counsel. The making of these statements in the presence of the jury is misconduct on the part of counsel and we request the Court to instruct the jury to disregard those statements." The court did instruct the jury in great detail as to the matter, whereupon, Mr. Heath stated: "I think that covers the situation, Your Honor. By the Court: Your offer, Mr. Heath, I am not going to grant at this time. I am going to let you have the right to offer within the presence of the jury later in the case to make that proof."

Such a ruling most certainly could not be considered as excluding the testimony offered, because the court expressly

told counsel for plaintiff in that particular ruling that he was going to permit the offer to make proof thereof in the presence of the jury later in the case. Such was not a ruling excluding the testimony offered, but rather a direction on the part of the court as to order of proof. (Sec. 2042, Code Civ. Proc.; *More* v. *Finger,* 128 Cal. 313 [60 Pac. 933].)

█ Plaintiff urges that there are certain errors in the instructions.

Defendant claims that any error in instructions cannot be considered because they are not properly authenticated, and plaintiff makes no claim that they can be considered on the record as made up, but simply says if they are not properly authenticated then under the provisions of section 473 of the Code of Civil Procedure he should be relieved for his oversight or failure and that this court should make a proper order to have the same properly authenticated.

The record discloses that the instructions are included in the clerk's transcript with no certificate of the trial judge contained therein.

Matters which are no part of the judgment roll cannot be considered on appeal unless they are otherwise made a part of the record. (See *Stoltenberg* v. *Harveston,* 219 Cal. 406 [26 Pac. (2d) 833]; *Wulferdinger* v. *Pickwick Stages System,* 105 Cal. App. 509 [288 Pac. 93]; *Shuey* v. *Bunney,* 4 Cal. App. (2d) 408, 411 [40 Pac. (2d) 859].)

We think the record is not so authenticated as to permit this court to review the instructions appearing in the clerk's transcript.

█ Under the circumstances thus presented, should the record be returned for proper authentication on the motion made as above indicated?

We have, notwithstanding the lack of authentication as above determined, considered the instructions in the record as though they were duly authenticated. While we cannot always determine whether they were given at the request of plaintiff or defendant or by the court without suggestion of either party, yet, we are of the opinion that they constituted a correct statement of the law. When read as a whole, they are not subject to the claims of error urged by plaintiff.

We think, when such a condition is presented by the record, the appellate court may either deny the motion for insufficient showing or grant the same, or if it elects, so to do, review the unauthenticated record and determine whether or not from a study thereof the motion should be granted.

We have chosen the last course and from such a study think the motion should be denied.

The motion is therefore denied.

For the foregoing reasons the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.