[No. 13265.  Department One. — August 1, 1891.]

CHARLES A. JONES, ADMINISTRATOR, ETC., APPELLANT, v. ELIZABETH TALLANT ET AL., RESPONDENTS.

ESTATES OF DECEDENTS — CONTRACT OF DECEDENT — TRANSFER OF RIGHT TO BONDS — CONCLUSIVENESS UPON ADMINISTRATOR AND HEIRS. — Where a decedent in his lifetime voluntarily, and acting under the advice of able attorneys, entered into a written agreement for a sufficient, adequate, and valuable consideration, with a full knowledge of all the facts and circumstances of the claim of another person to certain bonds in which he held an interest, by the terms of which he in effect transferred all his interest in the bonds to such claimant and acknowledged him as the owner thereof, and never assumed to rescind the contract or restore the consideration, his administrator and heirs are bound by his acts, and cannot question the validity of the agreement, or recover any interest in the bonds.

EVIDENCE — WRITTEN CONTRACT — ORAL NEGOTIATIONS — ERROR WITHOUT PREJUDICE. — Where a written contract is placed in evidence, and controls in the decision of a controversy, the admission of improper evidence as to the oral negotiations of the parties, which led up to the written contract, is not ground for reversal of the judgment, it appearing that no injury resulted therefrom.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The agreement marked "Exhibit B," referred to in the opinion, is an agreement executed between Louis G. Partridge and John Partridge on the fifth day of April, 1884, the body of which is in the following terms: "For the purpose of settling all difficulties and disputes between the parties hereto in regard to the property and estate of Peter G. Partridge, deceased, it is hereby agreed by and between Louis G. Partridge and John Partridge that said John Partridge shall pay to said Louis G. Partridge, when the will of said Peter G. Partridge, deceased, is admitted to probate, the sum of fifteen hundred dollars, and in consideration thereof that the bonds of the city of Sacramento, of the face value of twenty-five thousand three hundred dollars, now in the hands of said John Partridge, formerly owned by said decedent, shall be, and be considered and acknowledged to be, the property of said John Partridge, and no part of the estate of said decedent; and the said Louis G. Partridge ratifies and approves the accounts of said John Partridge up to this date, of his agency of the affairs and property of said decedent, and acknowledges that the said John Partridge is in no way indebted to the estate of said decedent for any advances heretofore made by said decedent to him; and the said John Partridge releases said Louis G. Partridge from any and all claims and demands which he may have against him for any cause, and hereby agrees not to make any claim of any kind against the estate of said P. G. Partridge, deceased, except for his liability upon bonds or undertakings to which he is a party in behalf of said P. G. Partridge, deceased, in various actions." Appended to the foregoing agreement was the following: —

"In consideration of and as part of the foregoing contract, I do hereby waive any claim that I may have as a creditor against the estate of said Peter G. Partridge, and agree that I will present no claim against said estate,

except for the share thereof to which I shall be entitled by reason of the foregoing agreement.

L. G. Partridge."

The witness T. B. Bishop testified to the negotiations between the parties which led up to the written agreement between Louis G. Partridge and John Partridge. Further facts are stated in the opinion.

*T. Z. Blakeman,* for Appellant.

*Pillsbury & Blanding,* for Respondent John Partridge.

*E. J. Pringle,* for other Respondents.

Foote, C. — This action was brought to determine the right of the plaintiff as the administrator of Louis G. Partridge, deceased, to certain bonds which are claimed to have belonged to Louis G. Partridge, subject to a claim of Elizabeth Tallant and others as pledgees for money advanced upon the bonds to John Partridge. There is no question made as to the right of the pledgees to be reimbursed the money due them, whether the bonds properly belonged to Louis G. Partridge in his lifetime, or whether they properly belong to John Partridge. The appeal is from a judgment in favor of the defendants, and an order denying a new trial.

The contest here is mainly as to whether the findings of fact, which show that the estate of Louis G. Partridge and his heirs at law have no interest in the bonds, and that they are the legal property of John Partridge, subject to the claim of Elizabeth Tallant et al., are sustained by the evidence, and further, whether the court erred in permitting Mr. Thomas B. Bishop to testify as to an agreement between Louis and John Partridge which had been reduced to writing.

After a careful examination of the whole record, we are satisfied that the evidence is sufficient to support the findings. And particularly is this the case with reference to those which show the nature of the agreement between John and Louis Partridge, whereby it is evident

that for an adequate, sufficient, valuable consideration which has never been returned or offered to be returned to John Partridge, Louis, with a full knowledge of the facts and circumstances of John's claim to the bonds, and acting under the advice of able attorneys, voluntarily entered into the agreement marked "Exhibit B" whereby he in effect transferred to John, all his (Louis's) interest in the bonds, and acknowledged John as the owner thereof; and the administrator and heirs of Louis are bound by his acts.

As to the matter of the evidence of Mr. Bishop, even conceding that the portion referring to the terms of the written agreement was inadmissible, it is plain that no injury resulted, as the instrument itself was placed in evidence, and was controlling in the matter.

We perceive no error in the record, and advise that the judgment and order be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.