[L. A. No. 4574.  Department Two.—September 24, 1918.]

WILLIAM T. NOAKES, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Appellants.

GEORGE B. NOAKES, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Appellants.

NEGLIGENCE—INJURY TO LABORER IN TRENCH—PLEADING—DEFECTIVE COMPLAINT—CURE BY ANSWER, INSTRUCTIONS, AND EVIDENCE.—In an action for damages for personal injuries received by a laborer while working in a trench from the falling in of the sides of the excavation due to the negligence of the defendants in omitting to take proper or any precautions to prevent the walls from caving, any deficiency in the complaint in failing to allege that the injury was the natural and proximate result of such negligence was cured by the answer of defendants, their proposed instructions, and the testimony which put squarely in issue the matters not set up in the complaint.

ID.—FURNISHING SAFE PLACE TO WORK—COMPLIANCE WITH RULE—SUFFICIENCY OF PLEADING.—In such action, the allegation in the answer that defendant instructed plaintiff and other workmen to leave a bench of earth unexcavated along the line of said trench at every ten feet, so that no greater distance than ten feet of said trench should be in process of excavation at any one point; that this order was given to insure the safety of the workmen, and that it would have been effective for that purpose if the plaintiffs had not in

willful violation of instructions, dug out one of the "benches," was in effect the pleading of compliance with the rule requiring employers to furnish a reasonably safe place to work.

Id.—Safe Place to Work—Conflict of Evidence—Question for Jury. Where such action was tried upon the theory, so far as defendants were concerned, that they had provided a safe place which plaintiff made unsafe by disobeying orders, it was for the jury to determine whether or not such defense was supported by the evidence, which was substantially conflicting.

Id.—Instruction—Safe Place to Work.—In such action, an instruction predicated upon the rule requiring an employer to provide a safe place for his workmen was proper, as the actual construction of the trench was completed before plaintiff entered it.

APPEAL from judgments of the Superior Court of Los Angeles County, and from orders denying motions for new trial. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Lee Stephens, and Charles S. Burnell, for Appellants.

Harriman, Ryckman & Tuttle, and Hyman Levin, for Respondent.

MELVIN, J.—Defendants appeal from two certain judgments against them for damages and from the orders denying their motions for new trials.

The plaintiffs, who are brothers, were both injured August 14, 1913, while at work in a trench excavated for the purpose of laying water-pipes in Sixteenth Street, in the city of Los Angeles. They were workmen employed by the defendant, Board of Public Service Commissioners of the City of Los Angeles. The other defendants were the City of Los Angeles, E. R. Flores, foreman in charge of the work, and the individuals composing the Board of Public Service Commissioners. Plaintiffs were nonsuited as to their asserted causes of action against the members of the board. The two complaints were essentially the same, the only differences arising from the fact as pleaded that one brother was more seriously injured than the other. There was a general demurrer to each complaint which was overruled in each case. Appellants contend that the court erred in failing to sustain the demurrers;

in refusing to grant a motion for nonsuit in each case; and because of error in one of the instructions to the jury.

The complaint in each instance alleged that the city was engaged in the business of selling and supplying water to its inhabitants; that the Board of Public Service Commissioners was the administrative branch of the government in charge of the water system; that on August. 14, 1913, said board was excavating a trench on Sixteenth Street and installing therein a main for use in its business of distributing water; that the plaintiff was working in said trench as a laborer and as a servant of the city and its said board, under the immediate direction and control of defendant, Flores; that while plaintiff was so employed the sides of the trench suddenly fell upon him, crushing and injuring him in a manner and to an extent specified; and "that said injuries and damage and said falling of the walls of said trench were and are due to the negligence of defendants in failing' to take proper or any precautions to prevent said walls from caving in and in leaving them in an unsafe, insecure and dangerous condition."

It is contended that the demurrer in each case should have been sustained because of lack of averment in the complaint that the injury was the natural and proximate result of the negligence of defendants; because said pleading does not, if taken as true, show that defendants failed to exercise reasonable care to provide a safe place to work; because it fails to set forth any facts showing that defendants knew or should have known with exercise of reasonable care that the place was unsafe; and because the "safe place" rule has not application in cases like these (citing in support of the last point, *Thompson* v. *California Construction Co.,* 148 Cal. 35; [82 Pac. 367]).

But we need not follow counsel for appellants in their discussion of the alleged infirmities of the complaints, because by their answers, their proposed instructions, and the testimony offered they put squarely in issue the matters which, according to their present contention, were not set up by the complaints. They alleged in the answer that they instructed the plaintiffs and other workmen to leave a bench of earth unexcavated along the line of said trench at every ten feet, so that no greater distance than ten feet of said trench should be in process of excavation at any one point; that this order

was given to insure the safety of the workmen; and that it would have been effective for that purpose if the plaintiffs, in willful violation of instructions, had not dug out one of the "benches." This was in effect the pleading of compliance with the rule requiring employers to furnish a reasonably safe place in which to work. The testimony and offered instructions followed the same lines. Therefore, any deficiency in the complaint was cured by the conduct of defendants. (*Boyle* v. *Coast Improvement Co.*, 27 Cal. App. 714, [151 Pac. 25]; *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal. App. 318, [147 Pac. 90].)

The facts as related by the foreman himself emphasize the justice of discarding the rule applicable in cases where the laborer is engaged in preparing the very place in which he is to work, and is therefore under the same obligations as his master to look for and guard against dangers. Flores, the foreman, said that the trench was dug down to grade at the point where the accident occurred; that it was practically completed; and that the men were just leveling up the bottom of the trench. Plaintiffs had been employed there less than half an hour when they were injured. The cases were evidently tried upon the theory, so far as defendants were concerned, that they had provided a safe place which plaintiffs made unsafe by disobeying orders. Of course, it was for the jury to determine whether or not such defense was supported by the evidence, there being a substantial conflict. There was, therefore, no error in denying the motion for nonsuit.

The instruction criticised by appellants is denounced merely because it was predicated upon the rule requiring an employer to provide a safe place for his workmen. As the actual construction of the trench was completed before plaintiffs entered it, the applicability of the instruction is obvious. (*Ryan* v. *Oakland Gas etc. Co.*, 21 Cal. App. 14–21, [130 Pac. 693].)

The judgments and orders are affirmed.

Lorigan, J., and Wilbur, J., concurred.