[Civ. No. 3564. Second Appellate District, Division Two.—January 11, 1922.]

ROBERT W. FOWLER, Guardian, etc., Respondent, v. MANUEL ENRIQUEZ, Appellant.

[1] PLEADING—DEFECTIVE COMPLAINT—APPEAL.—When a complaint is not totally devoid of allegation upon a particular point and the objection that it is insufficient in that regard is first made on appeal, the trial having been conducted by the objecting party upon the theory that it was sufficient, it will be upheld.

[2] DEED—MOTHER TO SON—PRESUMPTION OF UNDUE INFLUENCE.—
Where at the time of the execution of a deed by a mother to a
son the latter for a long time had been the confidential adviser
and business agent of the former, who was aged and infirm,
who could read and write no language and who spoke only
Spanish, there was a presumption that the son unduly influenced
the mother to execute the deed.

[3] ID.—REBUTTAL OF PRESUMPTION—QUESTION FOR TRIAL COURT—
FINDING—APPEAL.—In an action to set aside such a deed, the
question as to whether the presumption of undue influence has
been overcome is one for the trial court, and its finding is con-
clusive.

[4] ID.—INDEPENDENT ADVICE—EFFECT OF.—Such a deed is not vali-
dated by the mere fact that the grantor has been given inde-
pendent advice, since it is but a circumstance to be considered
with other facts in the case.

[5] ID.—EXPENDITURES OF GRANTEE—PART CONSIDERATION FOR DEED—
JUDGMENT FOR CANCELLATION—RIGHT OF REIMBURSEMENT.—Where
in an action for the cancellation of a deed made by a mother
to a son on the ground of undue influence the answer alleged and
evidence was introduced that the defendant had paid certain
obligations of the grantor as part consideration, the court should,
as a condition of cancellation, provide for the reimbursement of
the grantee.

APPEAL from a judgment of the Superior Court of
Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

Ernest P. Wellman and George W. McDill for Appellant.

John T. Curtin and J. Edward McCurdy for Respondent.

WORKS, J.—This is an action to cancel a deed. Manuela
R. Fowler, the real party in interest, although the action
was brought in the name of her guardian, as plaintiff, is a
surviving daughter of Juana E. Enriquez, the maker of
the deed in question, now deceased. Defendant is a sur-

2. Presumption and burden of proof as to undue influence in case
of conveyance from parent to child, notes, 17 **Ann. Cas.** 989; Ann.
Cas. 1915D, 711; Ann. Cas. 1918B, 457; 21 **Am. St. Rep.** 94; from
child to parent, notes, 18 **Ann. Cas.** 539; 21 **Am. St. Rep.** 94; 11
**A. L. R.** 735.

viving son of that deceased person. Decree was rendered for plaintiff and defendant appeals.

The complaint in the action is grounded upon undue influence and fraud, but appellant contends that it does not state facts sufficient to constitute a cause of action. It is true that plaintiff's pleading sets up the facts going to substantiate the claim of fraud and undue influence in somewhat general terms. Still, we are not prepared to assert that they are alleged in such a manner as to render the complaint insufficient even if the question had been presented and argued on demurrer in the trial court. [1] Certainly the pleading is far from barren of averment on the question, and when a complaint is not totally devoid of allegation upon a particular point and the objection that it is insufficient in that regard is first made on appeal, the trial having been conducted by the objecting party upon the theory that it was sufficient, all of which is the case here, it will be upheld (*Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318 [147 Pac. 90]; *Noakes* v. *City of Los Angeles,* 179 Cal. 38 [175 Pac. 409]; *Meer* v. *Cerati,* 53 Cal. App. 497, [200 Pac. 501]).

[2] At the time of the execution of the deed appellant for a long time had been the confidential adviser and business agent of his mother, the grantor, who was aged and infirm, who could read and write no language and who spoke only Spanish. Under these circumstances there is a presumption that appellant unduly influenced his mother to execute the deed to him (*Hemenway* v. *Abbott,* 8 Cal. App. 450 [97 Pac. 190]; *Nobles* v. *Hutton,* 7 Cal. App. 14 [93 Pac. 289]; *Thomas* v. *Whitney,* 186 Ill. 225 [57 N. E. 808]), and this presumption is relied upon by respondent. It is contended by appellant, however, that the presumption was overcome by testimony introduced by him. There was considerable testimony presented by appellant on the subject, it is true, but we cannot say that it was sufficient to outweigh the presumption. [3] The solution of that question was within the peculiar and final province of the trial court, for the presumption on the one hand and the testimony opposed to it on the other presented but a conflict of evidence. The finding of the trial court on the subject is final (*French Bank* v. *Beard,* 54 Cal. 480).

[4] Counsel argue the question whether the grantor of the deed had "independent advice" as to the nature and effect of the instrument, respondent contending that certain evidence contained in the record does not show that independent advice was given her and appellant contending that it does. If we grant for the sake of argument that a deed executed under such conditions as those existing here cannot be valid without a showing that the grantor had independent advice concerning the execution of it (but see *Nobles* v. *Hutton,* 7 Cal. App. 14 [93 Pac. 289]; *Broaddus* v. *James,* 13 Cal. App. 464 [110 Pac. 158]), it cannot be said that such a deed is validated by the mere fact that independent advice was given. We may agree with appellant that the evidence introduced by him showed the reception by the grantor of independent advice without affecting the case by the concession. Necessarily, a trial court is not bound by such a showing. It is but a circumstance to be considered in company with the other facts of a case.

Appellant contends that the complaint fails to state a cause of action because it contains no allegation that plaintiff offers to return to defendant a consideration paid by him for the execution of the deed sought to be canceled. As to this point it is enough to say that the complaint does not show that defendant paid any consideration for the deed. In fact, a proper construction of the allegations of the pleading would seem to indicate a contrary state of facts.

A different question is presented by the evidence. The answer alleges that, as a part consideration for the deed, appellant and his mother at the time of its execution entered into an agreement in writing, a copy of which is attached to the pleading. This paper recites that the deed "was made for the nominal consideration" and that a further consideration is expressed in the agreement. Then follow promises on the part of appellant to care for and maintain his mother during her natural life, providing for her a proper home; to pay all her reasonable bills, including doctor's bills and household expenses; to pay at her death "all funeral expenses and charges and also cemetery charges and provide a proper and decent burial"; to pay a certain cemetery "up to date for keeping the bodies" of the deceased husband of the mother and of certain other of her relatives and for the removal of the bodies from the re-

ceiving vault of the cemetery to a vault "belonging to family"; to pay a certain undertaker's bill and a certain doctor's bill; and to pay a certain note owing by the mother, amounting to nearly $500. The answer also alleges that appellant has fully complied with the terms of the agreement, has paid all the obligations mentioned in it, and has maintained his mother up to the time of her death. Evidence was received by the trial court upon the question as to whether these payments were made, some of the testimony tending to show that appellant expended considerable amounts under his obligation to meet them; but the court failed to find on the subject and by its decree canceled not only the deed but the agreement as well.

[5] Appellant contends that the trial court should have ascertained the amount paid by him as a consideration for the deed, referred to in the agreement as a nominal consideration, and the amounts paid by him pursuant to his promises made in the agreement; and that the decree should have provided in some manner for his reimbursement, as a condition upon which a cancellation of the deed might follow. The contention of appellant must be sustained. The trial court found that the deed was executed as a result of the undue influence of appellant over his mother and through fraud practiced by him upon her, and this finding is sustained by the evidence, even granting that a consideration for the instrument passed between them. Such payments as appellant made to his mother, or to others under the terms of the agreement above mentioned, appear by the evidence to have been grossly inadequate as a consideration for the execution of the deed, for it is alleged in the complaint and not denied by the answer that the property conveyed was of the appraised value of $51,000 and produced a monthly income of $150. Therefore the trial court was correct in canceling the deed because of the undue influence and fraud which figured in its execution. The consideration paid by appellant is an immaterial circumstance when the situation is viewed from the standpoint of the binding effect of the deed. That, however, is far from saying that appellant is not entitled to a return of such sums of money as may have been paid by him to his mother for the deed, or to third parties under the agreement. The general rule is that one seeking to rescind a deed or agreement must

show by his complaint a willingness to return such consideration or benefit as may have passed in the transaction from the person against whom the rescission is sought. That rule has no application here, for the reasons we have already stated, but, under the allegations of the answer and the evidence produced in support of them, it became the duty of the trial court to ascertain what amounts, if any, had been paid out by appellant. If, upon a solution of that question, it had appeared that some amount had been expended by him, it would then have been the duty of the court to provide a means whereby to reimburse him, as a condition upon which cancellation might be ordered (*Gatje v. Armstrong*, 145 Cal. 370 [78 Pac. 872]). This not having been done the cause must be remanded for a new trial, the sole purpose of which will be to take an accounting of appellant's expenditures by way of consideration for the execution of the deed and under his covenants contained in the agreement, making due allowance for any offsets that are legally chargeable against him. If, after such accounting, it shall be found that any sum is due appellant the trial court will render judgment accordingly, securing appellant's right to reimbursement by the imposition of a lien on the real property covered by the deed, or in any other manner consistent with the principles of equity.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

Finlayson, P. J., and Craig, J., concurred.