[Civ. No. 4680. Second Appellate District, Division Two.—May 9, 1927.]

RUTH ANDERSON, as Administratrix, et al., Appellants, v. ROY M. NELSON et al., Respondents.

[1] DEEDS—TRANSFER BY DECEASED FATHER TO SON—PROMISE OF SON TO RECONVEY—ACTION BY ADMINISTRATRIX—STATUS OF ADMINISTRATRIX—SECTION 1582, CODE OF CIVIL PROCEDURE.—In an action by an administratrix to recover from the decedent's son property which the decedent, in his lifetime and while feeble and infirm, transferred to his son for the purpose of defeating threatened litigation against him, and which the son promised to reconvey to the decedent, under section 1582 of the Code of Civil Procedure the administratrix stands in the shoes of, and for the purposes of such litigation possesses the same but no greater rights than, the decedent; and any conveyance by the decedent if valid as to him is equally binding upon his estate.

[2] ID.—AGE AND PHYSICAL CONDITION OF GRANTOR—EVIDENCE.—As a general rule age, physical condition, and suffering of pain furnish no basis for setting aside a conveyance if the vendor exercised a free and untrammeled mind.

[3] ID.—CONVEYANCE FROM FATHER TO SON—WHEN FRAUD WILL BE PRESUMED — UNDUE INFLUENCE — EVIDENCE.—Fraud will be pre-

---

1. See 11 Cal. Jur. 1056, 1094.

2. See 4 Cal. Jur. 782.

3. Presumption and burden of proof of undue influence on conveyance from parent to child, notes, 17 Ann. Cas. 989; Ann. Cas. 1915D, 711; Ann. Cas. 1918B, 457; 35 L. R. A. (N. S.) 944; 11 A. L. R. 737. See, also, 20 Cal. Jur. 445; 20 R. C. L. 591. Presumption of undue influence where confidential relations exist, note, 21 Am. St. Rep. 94. See, also, 4 Cal. Jur. 780; 4 R. C. L. 493.

sumed in the making of a deed by father to son where it appears that in addition to the existence of the relation between them, the father was aged, infirm, and enfeebled in mind, and placed confidence in the son, and that the conveyance was without consideration; and under such circumstances the burden is on the grantee to show absence of fraud or undue influence in the transaction.

[4] ID.—CONVEYANCE MADE TO INJURE ANOTHER—EQUITY—REMEDIES. Where a conveyance is made for the purpose of injuring another, equity will refuse a remedy to the grantor or those claiming under him; nor will equity retreat from its position in thus upholding the maxim, *in pari delicto melior est conditio possidentis et defendentis,* and other equitable principles equally applicable, because the claim of the person which is sought to be avoided was in fact without foundation.

[5] ID.—PARTIES NOT IN PARI DELICTO—UNDUE INFLUENCE—FRAUD— EQUITY—RELIEF.—Where the parties are not *in pari delicto* and the deed, though made for an improper purpose, was unfairly procured through the undue influence of the grantee, the violation of a fiduciary relationship, abuse of confidence, oppression, or fraud, the court will grant relief.

[6] ID.—PROMISE TO RECONVEY—PLEADING.—In such action, the complaint stated a cause of action, even though the decedent allowed himself to become a party to a transaction tainted with fraud, where it was alleged that the decedent was of advanced age, infirm, and enfeebled in mind, and not capable of transacting business, and that he reposed great trust in his son and in the latter's advice especially in business matters, and that, relying upon the advice of his son that it was "the best method of defeating the threatened litigation" and prevent a judgment lien against his property, he conveyed all of his property to his son upon the latter's promise to reconvey when the litigation was settled, avoided, or dismissed.

[7] ID.—DEMAND—PLEADING.—In such action, it was unnecessary to allege a demand upon the defendant by the decedent for the reconveyance, as the defendant received the property as a trustee and held it in that capacity, and the event upon which he was to reconvey, to wit, the arrival of the time when the threatened litigation should be settled, avoided, or dismissed, occurred when the decedent passed away.

[8] ID.—PURPOSE OF RECOVERY OF PROPERTY—PLEADING—SURPLUSAGE. In such action, the allegation in the complaint that it was neces-

---

4. Refusal of equity to aid parties *in pari delicto*, note, **3 Am. St. Rep.** 728. See, also, 4 Cal. Jur. 807; 4 R. C. L. 516.

5. See 4 Cal. Jur. 807; 4 R. C. L. 516.

sary that the property be recovered by the administratrix to pay the debts of the deceased may be regarded as surplusage.

---

(1) 23 C. J., p. 1153, n. 33.    (2) 18 C. J., p. 222, n. 84, 92. (3) 18 C. J., p. 425, n. 25.    (4) 27 C. J., p. 648, n. 29, p. 655, n. 1, p. 656, n. 13.    (5) 27 C. J., p. 652, n. 66, p. 653, n. 69, 70.    (6) 23 C. J., p. 1192, n. 28.    (7) 39 Cyc., p. 62, n. 48.    (8) 31 Cyc., p. 69, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County. Erwin W. Owen, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

George G. Bechtel and Tanner, Odell & Taft for Appellants.

Robert M. Clarke and Henry L. Knoop for Respondents.

CRAIG, Acting P. J.—This is an appeal from a judgment entered pursuant to an order sustaining a demurrer to the complaint, the plaintiffs having declined to amend.

Concisely stated, the material allegations of the questioned pleading, assuming them for the purposes of the demurrer to be true, were substantially as follows: The defendant Roy M. Nelson was the son of Richard C. Nelson, who in his lifetime, and especially on or about March 15, 1922, was the owner of certain real and personal property; he was sixty-five years of age, and was suffering from kidney complaint and paralysis which partially disabled him, and rendered him bedfast and so enfeebled in mind that he was not compctent to transact business; at that time he was informed that one Martha L. Hixon threatened to institute an action against him for damages upon the ground that he had failed to fulfill a promise of marriage; although Nelson contended that he had not promised to marry Martha L. Hixon, and that she had no cause of action against him, such threats made him nervous, distressed, and fearful, and increased his disability to transact business; prior thereto Nelson had married and was then living with the plaintiff Jennie Pierce Nelson, his wife.

The plaintiffs then alleged that said defendant Roy M. Nelson, learning of the threatened litigation, and knowing

of his father's feeble health, and designing and intending to deprive the plaintiff Jennie Pierce Nelson of any interest in said property should his father not survive such illness, represented to his father that the best method of defeating the threatened suit for damages would be for the latter to convey to the defendant all of said property, in order that Martha L. Hixon should not obtain a judgment lien against it, and that the anticipated litigation could then easily be settled. It was alleged that said defendant promised and agreed that as soon as any such litigation was settled, avoided, or dismissed he would reconvey the property, should his father demand a reconveyance; that the father, though declaring that Martha L. Hixon had no legal, equitable, or just claim against him, was influenced and persuaded by his son's representations and promises, and without intending to defeat or avoid any just claim of any creditor, or one having a just claim against him, and relying upon such promise to reconvey did in March, April, and May, 1922, convey all of his property to the defendant Roy M. Nelson without consideration and without the consent of the plaintiff Jennie Pierce Nelson; that on or about June 30, 1922, Richard C. Nelson died intestate without having received a reconveyance, though owing various creditors. It was further alleged that the plaintiff Ruth Anderson was the duly appointed, qualified, and acting administratrix of the estate of said deceased, that demand had been made by her for a reconveyance and surrender of the property so acquired by the defendant son, and that it was necessary that the property be recovered and reduced to the possession of the administratrix in order to pay debts of the decedent and to provide a suitable widow's allowance.

The defendants demurred specially to the complaint and argued in their briefs before us that the complaint did not contain facts sufficient to constitute a cause of action and was uncertain, unintelligible, and ambiguous. Their contention is that by their pleading the plaintiffs attempted to combine two causes of action in one, but that it was not sufficient to bring the case within the provisions of section 1582 of the Code of Civil Procedure, which provides for the recovery of property and for an action upon contract by an administrator, or of section 1589, which directs the prosecution of an action by an administrator for the recovery of

property fraudulently conveyed by one since deceased for the purpose of defeating the rights of creditors.

The section first mentioned reads as follows: "Sec. 1582. Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

[1] It is at once apparent from the language of this section that the administratrix stands in the shoes of, and for the purposes of such litigation possesses the same but no greater rights than, the intestate. (*Bath* v. *Valdez*, 70 Cal. 350 [11 Pac. 724].) Any conveyance by Richard C. Nelson if valid as to him is equally binding upon his estate. (*Peck* v. *Brummingim*, 31 Cal. 440 [89 Am. Dec. 195]; *Cunningham* v. *Ashley*, 45 Cal. 485; *Jones* v. *Tallant*, 90 Cal. 386 [27 Pac. 305].) If, therefore, Nelson could not have maintained this suit, his administratrix would not be entitled to recover upon a like state of facts, and, of course, the converse is also true.

It appears from the allegations of the complaint that the decedent in his lifetime knew of the threatened litigation and that, relying upon the advice of his son that it was "the best method of defeating the threatened litigation," and to prevent a judgment lien against his property, conveyed all of his assets to Roy M. Nelson upon the promise of the latter to reconvey them when the storm subsided.

The complaint alleged that Nelson was sixty-five years of age and was infirm, enfeebled in mind, and not capable of transacting business, and that he relied upon his son's advice in such matters. [2] As a general rule age, physical condition, and suffering of pain furnish no basis for setting aside a conveyance if the vendor exercised a free and untrammeled mind. (*Carty* v. *Connolly*, 91 Cal. 15 [27 Pac. 599].)

[3] On the other hand, fraud will be presumed in the making of a deed by father to son where it appears that in addition to the existence of the relation between them the father was aged, infirm, and enfeebled in mind, and placed confidence in the son, and that the conveyance was without

consideration. Under such circumstances the burden is on the grantee to show absence of fraud or undue influence in the transaction. (*Fowler* v. *Enriquez,* 56 Cal. App. 107 [204 Pac. 854]; *Nobles* v. *Hutton,* 7 Cal. App. 14 [93 Pac. 289], and cases there cited.) We think upon this theory the complaint before us would unquestionably be sufficient to state a cause of action if it were not for further allegations contained in it showing that the purpose of the transfer was to injure another. [4] Where such is the case equity will refuse a remedy to the grantor or those claiming under him. (*Allstead* v. *Laumeister,* 16 Cal. App. 59 [116 Pac. 296].) Nor will equity retreat from its position in thus upholding the maxim *in pari delicto melior est conditio possidentis et defendentis,* and other equitable principles equally applicable, because the claim of the person which is sought to be avoided was in fact without foundation. (*Carson* v. *Beliles,* 121 Ky. 294 [1 L. R. A. (N. S.) 1007, 89 S. W. 208]; *Kihlken* v. *Kihlken,* 59 Ohio St. 106 [51 N. E. 969].)

A number of authorities are cited in the decision last mentioned sustaining it, but in none of them did it appear that the grantor and the grantee occupied a close confidential relation, or that the former was taken undue advantage of by the latter. [5] Where the parties are not *in pari delicto* and the deed, though made for an improper purpose, was unfairly procured through the undue influence of the grantee, the violation of a fiduciary relationship, abuse of confidence, oppression, or fraud, the court will grant relief. (*Donnelly* v. *Rees,* 141 Cal. 56 [74 Pac. 433]; *Pride* v. *Andrew,* 51 Ohio St. 405 [38 N. E. 84]; *Harper* v. *Harper,* 85 Ky. 161 [7 Am. St. Rep. 583, 3 S. W. 5]; *Rozell* v. *Vansycle,* 11 Wash. 79 [39 Pac. 270]; *Holliway* v. *Holliway,* 77 Mo. 392; *Ingersoll* v. *Weld,* 103 App. Div. 554 [93 N. Y. Supp. 291]; *Barnes* v. *Brown,* 32 Mich. 146.) Many of these cases proceed upon the theory stated in the one last cited, that "relief will not be denied to the party least in fault against one who has led her into the act by a violation of confidence. They are not in equal wrong."

[6] Applying these well-recognized principles to the allegations in the appellants' complaint, we have no hesitation in concluding that a cause of action is stated, even though Richard C. Nelson allowed himself to become a party to a

transaction tainted with fraud. While the facts do not show him to have been of unsound mind so as to have been legally incapacitated, it does appear that he was clearly not *in pari delicto* with the defendant. The situation is strikingly similar to that presented in *Rozell* v. *Vansycle, supra.* His act, though intentionally dishonest and induced by the representations and promises of the defendant Roy M. Nelson, in whom the deceased reposed great trust, the relationship of the parties, the advanced age of the father, the representations and promises made by the son, the confidence placed in the latter's advice, especially in business matters— all of these considerations make it apparent that the father and son were related in the transaction as an inferior to a superior, though both were *in delicto.* Richard C. Nelson during his lifetime might have secured a reconveyance, and, therefore, we hold that under section 1582 of the Code of Civil Procedure the administratrix of his estate may do so.

The special grounds of demurrer require but brief comment. [7] It was unnecessary to allege a demand upon the defendant by the decedent for the reconveyance. Roy C. Nelson received the property as a trustee (Civ. Code, sec. 2224), and holds it in that capacity, and the event upon which he was to reconvey, to wit, the arrival of the time when the threatened litigation should be settled, avoided, or dismissed, occurred when Richard C. Nelson passed away. [8] The allegation in the complaint that it is necessary that the property be recovered by the administratrix to pay the debts of the deceased may be regarded as surplusage. It should have been stricken out on motion, but its presence does not render the complaint demurrable on any ground interposed.

The judgment is reversed.

Thompson, J., and Johnson, J., *pro tem.,* concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1927.