[Civ. No. 5109.   Second Appellate District, Division Two.—March 1, 1929.]

HENRY W. GREEN, Respondent, v. J. F. CONNELL, Appellant.

R. L. Horton for Appellant.

J. M. Tursee for Respondent.

STEPHENS, J., *pro tem.*—The plaintiff brought suit on the contract, alleging that he and defendant entered into a contract on the eighteenth day of July, 1922, whereby defendant was to pay plaintiff four per cent of the cost of a building for which plaintiff was to prepare plans and specifications.   That he entered upon the work and the ''cost of the building was approximately sixty thousand dollars.'' That advances had been made by the payment of $756 to plaintiff.   That demand upon defendant was made by plaintiff for the ''balance of fee according to their agreement.''

That at such time it was "mutually agreed between the parties that the fee was to be limited to 4% on fifty thousand dollars." That defendant was not paid and refuses to pay any part of the $1,245, due, owing and unpaid.

All of these allegations are generally denied in the answer. Under a heading "Special Defenses" therein, the employment is admitted, and it is therein alleged that the building was to cost from $20,000 to $25,000, for two per cent thereof and guaranteed by plaintiff that it would not go over $30,000 in cost. Therein it is also alleged that progress payments were made until $155 overpayment had been made.

Defendant filed a cross-complaint and therein, among other allegations, alleged that cross-defendant "undertook to comply with said agreement and worked thereon, that he notified cross-complainant that the work was completed and contract fully complied with and asked approval of plans and specifications. That the building constructed thereunder would not cost to exceed $30,000—that cross-plaintiff signed the plans but did not sign or approve the specifications. That cross-plaintiff is nearly blind and could not clearly see the plans and specifications. Then follows allegations setting up many alleged deficiencies of the plans and specifications.

The defendant also alleged in his cross-complaint that he had inadvertently overpaid the plaintiff the sum of $155, which he prayed to have returned to him together with the sum of $1,500 as damages.

The court found that the parties had entered into a contract on or about the twenty-second day of August, 1922, whereby plaintiff was to execute plans and specifications for a building which was not to exceed a cost of $35,000, and that plaintiff was to receive four per cent of its cost for his services. The plaintiff drew plans and specifications for a house that would cost more than such sum to build, but that they were drawn at the instance and request of defendant and under his supervision. That it is not true that an agreement was ever entered into between the parties that plaintiff should receive four per cent of $50,000. The judgment went for the plaintiff for $730 on the complaint and that cross-complainant should take nothing.

A review of the evidence shows that the parties did meet and did discuss the drawing of plans and the preparation of

specifications and the correction of plans formerly drawn for plaintiff by another architect. That the work was entered upon and plans were drawn and specifications prepared under the very frequent consultation between the parties. That the plans and specifications were changed and added to many times at the request of plaintiff and when finished it was found that the house constructed in conformity therewith would cost in excess of $50,000. This was too much for plaintiff and the house was never built.

Appellant, the defendant and cross-complainant below, asks for a reversal of the judgment on the ground that the minds of the parties never met and that therefore no contract was ever entered into. That the findings are not supported by the evidence. That the complaint does not state a cause of action in that it does not allege performance nor that the house was ever built so that the cost, the basis of the payment for services, has never been ascertained.

The court has found that the plaintiff was to prepare plans and specifications for a house to cost not to exceed the sum of $35,000 and defendant was to pay four per cent of the cost therefor. The transcript of the testimony shows that on or about the twenty-second day of August, 1922, after the work had progressed considerably there was conversation wherein the parties agreed to four per cent as the basis of plaintiff's compensation. Some weeks later, after it had become apparent that the cost of the building would far exceed $35,000, the parties discussed the matter of compensation again. The plaintiff testified that the defendant said, "I never bargained to build any house that was going to cost any $60,000 to $65,000. I did not intend to spend any more than $30,000 or $35,000."

■ This testimony was sufficient to sustain the finding that the services were to be paid for by computing four per cent of the cost of the house which was not to exceed $35,000. That is, the compensation was to be estimated upon that amount even if the house should cost more, and it was upon this basis that the trial court computed the amount of the judgment.

■ As to all of the other claims of insufficient evidence to support the findings we desire to say that this case is one where the trial court's direct contract with the witnesses and the documentary evidence would be particularly valu-

able. As it appears to us, the evidence is sufficient to sustain every finding. The sharp conflict is for the trial court.

We now come to the consideration of defendant's claim that the case should be reversed because the complaint does not state a cause of action. We think the complaint would not have withstood an attack upon it by demurrer, as it certainly does lack definiteness; but no demurrer was ever interposed. No objection was interposed to the reception of evidence during the trial, except objections to specific questions, and the correctness of the rulings thereon are not here questioned. No motion for nonsuit was made.

Unquestionably the modern tendency of courts of appeal is to sustain judgments ripened under conditions here related and it is our duty to do so if the cause found upon can be found in the pleadings and neither party seems to have suffered through the imperfections of the pleadings.

We have heretofore sketched the pleadings and it seems to us that no tedious analysis is needed to demonstrate that both parties and the court viewed the issues clearly and without differences. While the complaint nowhere flatly alleges performance it says the services were entered upon and pursued for several weeks, that ''the cost of said building was approximately $60,000.'' The answer alleges that a contract of employment with definite terms was entered into, the work was begun and progressed for several weeks when defendant found he had overpaid. The cross-complaint adds allegations to the effect that cross-defendant and appellant claimed the work had been finished, that the plans had been presented to defendant and by him signed, and the building for which the plans and specifications projected would cost not less than $50,000. These pleadings did say in plain meaning, if not in so many words, that the plans and specifications were finished and that the house if built would cost far more than defendant wished to expend therefor. The transcript of the testimony demonstrates that the case was fully tried with this view of the issues by both court and counsel and the frailties of the complaint cannot be laid hold of here for the first time for the purpose of affording the losing party a new trial. (*Horton* v. *Dominguez*, 68 Cal. 642 [10 Pac. 186]; *Russell*

v. *Ramm,* 200 Cal. 348 [254 Pac. 532]; *Fowler* v. *Enriquez,* 56 Cal. App. 107 [204 Pac. 854]; *Noakes* v. *City of Los Angeles,* 179 Cal. 38 [175 Pac. 409]; *Boyle* v. *Coast Imp. Co.,* 27 Cal. App. 714 [151 Pac. 25]; *Barrett* v. *Metropolitan Cont. Co.,* 172 Cal. 116 [155 Pac. 645].)

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 29, 1929.