[Civ. No. 10783.   Second Appellate District, Division Two.—January 21, 1936.]

ZORA A. GRIDER, Respondent, v. IDELLA MANISERA et al., Appellants.

ZORA A. GRIDER, Respondent, v. ZORA LEE FRANCES ADAMS, Appellant.

Ben C. Cohen and Leo Shapiro for Appellants.

John B. Haas and John D. Home for Respondent.

GOULD, J., *pro tem.*—In these two cases, consolidated for trial, plaintiff, an aged widow, recovered judgments for the return of certain properties which she had transferred to her daughter and granddaughter. The transfers were made, it was alleged, because of the coercion and insistence of the transferees and upon representations that if such conveyances were not made "other persons" would seize said properties. It was also alleged and found that said transferees promised to reconvey the properties to plaintiff upon demand, but had failed and refused so to do.

No sufficient legal reason is shown to disturb the judgments of the trial court. Findings supported by ample and satisfactory evidence were in favor of plaintiff, and it is not our province to interfere with the conclusions reached by the fact finder. Appellants urge, however, that respondent in fact alienated her property to hinder and embarrass creditors, and that she may not now be heard in a court of equity in an effort to recover that which had been fraudulently transferred to another. This equitable rule is a well recognized and widely applied one, but in the present actions the facts do not warrant invoking the principle in the manner contended for by appellants. In the first place, the issue of transfer in fraud of creditors was raised as a special defense, conflicting testimony on the point was presented and the trial court specifically found that the properties were not conveyed to appellants with intent to hinder, delay or defraud respondent's creditors. Furthermore, respondent testified that representations as to loss of the properties to creditors or "other persons" were made by appellants themselves, and it was alleged that such representations were fraudulently made to induce respondent to make the transfers. Adopting the theory of appellants that the transfers were made for an improper purpose, yet the facts justify the conclusion that

the parties were not *in pari delicto,* and that respondent, unduly influenced by false representations, should be afforded relief. (See *Anderson* v. *Nelson,* 83 Cal. App. 1 [256 Pac. 294], and cases there cited.)

Nor is respondent's claim to be defeated by the fact that she procured independent advice from her attorney before making the transfers. Her legal adviser warned against the prospective alienation of her properties, but in spite of this and, as she claimed, at the insistence of her daughter and granddaughter, she executed and delivered the conveyances. It has been held that the mere fact that independent advice was sought and given cannot of itself validate a deed given where fraud and undue influence motivated the transfer, but is merely a circumstance to be considered by the court in connection with other facts. (*Fowler* v. *Enriquez,* 56 Cal. App. 107 [204 Pac. 854].)

In view of the facts disclosed in this case—the advanced age of the grantor, her physical infirmities and mental enfeeblement; the fact that in these dealings she was transferring property without consideration to her own daughter and granddaughter, which of itself invites the careful scrutiny and consideration of the court (*Wilbur* v. *Wilbur,* 197 Cal. 1 [239 Pac. 332])—we feel that the trial court acted well within its right in the exercise of its legal and equitable functions in restoring the properties to respondent.

Judgments affirmed.

Wood, J., and Crail, P. J., concurred.