[S. F. No. 15516. In Bank.—April 16, 1936.]

ANNA M. TOGNAZZI, Appellant, v. HAZEL M. WIL-
HELM, Respondent.

Joseph A. Brown for Appellant.

Glensor, Clewe, Schofield & Van Dine for Respondent.

WASTE, C. J.—This is an appeal from a judgment entered after a demurrer to the complaint had been sustained without leave to amend and plaintiff's motion for leave to file an amended complaint had been denied.

In substance, the complaint alleges that pursuant to an agreement appellant had conveyed certain real property to her two daughters, one of whom is the respondent herein, and that said daughters thereupon agreed to make application of the income therefrom in a manner designated. The complaint goes on to allege that "said agreement was made and entered into . . . merely as a sham and pretense and with the thought and idea in mind that this plaintiff would be thereby protected against the possibility of a deficiency judgment which by some possibility might be had against plaintiff in an action, never filed nor sought, by reason of a deed of trust given to a concern known as the San Jose Pacific Building and Loan Association, and with the understanding had between plaintiff and the defendant herein [and the other grantee-daughter] that at any time upon demand of the plaintiff, the real property described in said agreement would be reconveyed to plaintiff and the said agreement cancelled and annulled and set aside". The complaint then contains the usual allegations of a denial by the grantee-respondent of any right, title or interest of appellant in or to the property or its income and prays, among other things, for a declaration of appellant's rights under the contract and to the property, for an accounting and for an adjudication that she is owner of said property.

█ It is immediately apparent from the face of the complaint that the sole and admitted purpose underlying the transfer of the property by appellant to respondent and another and of the contract incidental thereto was to place the same beyond the reach of a creditor to whom appellant might thereafter become liable on a deficiency judgment. Under the circumstances, it was not error for the trial court to sustain the demurrer without leave to amend. It is well settled that equity will not lend its aid to establish a trust or enforce a contract which is tainted with fraud. As stated in *Saint* v. *Saint*, 120 Cal. App. 15, 22 [7 Pac. (2d) 374], "he who executes a conveyance of property for the purpose of hindering, delaying or defrauding his creditors, cannot by any action in equity obtain a reconveyance from his grantee, nor can anyone claiming under him, except an innocent purchaser". We pause to cite but a few of the innumerable authorities containing declarations to this effect: *Bennett* v. *Brown*, 206 Cal. 424, 428 [274 Pac. 532]; *Faria* v. *Faria*, 100 Cal. App. 177, 181 [280 Pac. 187]; *Allstead* v. *Laumeister*, 16 Cal. App. 59 [116 Pac. 296].

█ The mere fact that the creditor at the time of the conveyance had not procured the deficiency judgment which the conveyance was intended to defeat, is immaterial. (*Kihlken* v. *Kihlken*, 59 Ohio St. 106 [51 N. E. 969, 972]; *Carson* v. *Beliles*, 121 Ky. 294 [89 S. W. 208–210, 1 L. R. A. (N. S.) 1007]; *Anderson* v. *Nelson*, 83 Cal. App. 1, 6 [256 Pac. 294].) The admitted purpose of the transfer was to defeat an existing creditor whose claim, in part, might thereafter assume the form of a deficiency judgment. The fraudulent scheme was therefore fully consummated upon the conveyance of the property. It no longer remained, as appellant urges, an unconsummated intent to defraud. The cases of *Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114], *De Leonis* v. *Welsh*, 140 Cal. 175 [73 Pac. 813], and *Wassermann* v. *Sloss*, 117 Cal. 425 [49 Pac. 566, 59 Am. St. Rep. 209, 38 L. R. A. 176], relied on by appellant, are distinguishable on the ground, among others, that in each instance the conveyance itself did not, as here, constitute the fraud or wrong but rather was executed to permit the grantor or the grantee, as the case might be, to thereafter perpetrate an independent wrong unconnected with the conveyance, which contemplated wrong being later abandoned left but a mere unexecuted intent to

perpetrate the same. Here, as intimated, the conveyance itself was contrary to public morals and constituted the wrongful act which precludes the interposition of equity on behalf of the fraudulent grantor. The fraudulent agreement was fully executed when the conveyance was made.

■ To the above-stated general rule that equity will not lend its aid to either party to a fraudulent conveyance but will leave them where it finds them, there is, of course, the equally well-settled exception which permits relief to the grantor where the deed was procured by the fraud or undue influence of the grantee. (*Faria* v. *Faria, supra,* 182; *Anderson* v. *Nelson, supra,* 6; *Saint* v. *Saint, supra,* 22.) This exception is well stated in 12 California Jurisprudence, page 1028, section 68, wherein the following appears: "If the grantor is not *in pari delicto* with the grantee the rule denying relief to the grantor against his own fraud does not apply,`for this rule is never made the means of sustaining an injustice. If the grantor acts under circumstances of oppression, imposition or undue influence, so that it appears that his guilt is subordinate to that of the grantee, equity will grant relief—not on the ground of any right in the grantor, but for the purpose of preventing a greater fraud by the grantee. The parties although *in delicto* are not *in pari delicto,* and relief is afforded the grantor because of the bad faith of the grantee and to prevent an imposition, for the greater offense of the grantee overcomes the lesser one of the grantor."

■ After respondent's demurrer to the complaint had been sustained without leave to amend, appellant moved to vacate the order and for leave to file an amended complaint. This dual request, which was denied, had for its only purpose the filing of an amended complaint whose allegations would take appellant's cause without the application of the general rule and bring it within the exception thereto. In contradistinction to the allegations of the original complaint, the proposed amended complaint averred that the respondent by means of false and fraudulent representations had importuned and induced the appellant to enter into the agreement and to execute the conveyance and that appellant in so doing "had no intention of hindering, delaying, or defrauding any of her creditors . . . "

It is immediately apparent that the quoted portion of the proposed amended complaint flies squarely in the face of the

allegation in the original complaint that the agreement and conveyance were "a sham and pretense" entered into "with the thought and idea in mind" that the appellant would thereby evade the effect of a possible deficiency judgment of a designated creditor. Under the circumstances, we are not prepared to hold that the trial court abused its discretion in refusing leave to the appellant to file her proposed amended complaint. In *Brown* v. *Aguilar*, 202 Cal. 143, 149 [259 Pac. 735], it is declared that "an application for leave to amend is addressed to the sound discretion of the court and such application may be denied where no showing is made to justify the exercise of the court's discretionary power".

The rule which warranted the court below in refusing leave to file the proposed amended complaint, and which finds expression in the decisions of this state, is well expressed in 31 Cyc. 422, wherein it is declared: "As a general rule a party will not be allowed to file an amendment contradicting an admission made in his original pleadings. If it be proper in any case, it must be upon very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts." To the same effect see *Bank of Woodland* v. *Heron*, 122 Cal. 107, 109, 110 [54 Pac. 537]; *Harney* v. *Corcoran*, 60 Cal. 314; *Spanagel* v. *Reay*, 47 Cal. 608; *Cox* v. *Rosenberg*, 58 Cal. App. 181, 188 [208 Pac. 377]; 49 C. J. 486, sec. 634.

In the Bank of Woodland case, just above cited, the defendant had admitted the due execution, acknowledgment and certification of a mortgage. Upon the trial it was sought to file an amendment denying the due acknowledgment of the instrument. The application was denied. While recognizing that liberality should be exercised in allowing amendments to pleadings, this court in affirming the ruling pointed out that it is a settled proposition that "a party will not be permitted upon the trial to amend by denying a fact admitted in the answer".

The judgment is affirmed.

Shenk, J., Seawell, J., Curtis, J., and Langdon, J., concurred.